**STATE OF OHIO ex rel. HAWKE**

v.

**BROWN, Secretary of State of Ohio.**

**Civ. A. No. 3903.**

United States District Court

S. D. Ohio, E. D.

Feb. 2, 1954.

George S. Hawke, Cincinnati, Ohio, for plaintiff.

Joseph S. Gill, Asst. Atty. Gen. of Ohio, for defendants.

Before ALLEN, Circuit Judge, UNDERWOOD, Chief Judge, and CECIL, District Judge.

PER CURIAM.

This is an action brought by the relator as a citizen of the United States and as a duly qualified independent voter of the State of Ohio, for himself and on behalf of other independent voters of the State of Ohio similarly situated, against Ted W. Brown as Secretary of the State of Ohio and as Chief Election Officer of the State of Ohio.

The complaint alleges that Sections 4785–91 and 4785–107 of the Ohio General Code are unconstitutional in that said statutes allegedly deny relator and others who are not members of either the Republican or the Democratic political parties a right to vote for Ohio presidential electors. It is also alleged that Section 4785–91 of the Ohio General Code has as its purpose the elimination of independent candidates for state offices other than those of presidential electors, in that the necessary percentage of nominating signatures on a petition has been raised to 7 per cent of the total governors vote from a former 1 per cent of said vote. The relator seeks declaratory judgment that the above mentioned statutes are unconstitutional and an injunction against the respondent from enforcing said statutes. The respondent filed a motion to dismiss upon the ground (1) that the court lacks jurisdiction over the subject matter and (2) that the complaint fails to state a claim against respondent upon which relief can be granted.

The cause came on to be heard before the Honorable Florence E. Allen, Judge of the United States Court of Appeals for the Sixth Circuit, the Honorable Mell G. Underwood and the Honorable Lester L. Cecil, Judges of the United States District Court for the Southern District of Ohio, and the Court, having heard the arguments of counsel and being fully advised in the premises,

makes the following findings of fact and conclusions of law:

### Findings of Fact

1. There is no evidence before this Court of any action taken by the relator or others, including the respondent, relative to the nomination and election of independent candidates for the office of presidential electors or other state offices under the statutes in question.

### Conclusions of Law

1. There is no actual controversy appropriate for judicial determination involved in this case.

2. This Court, in the absence of an actual controversy, has no power to grant the relief requested in relator's complaint.

3. The motion of the respondent to dismiss should be sustained.